```
                   United States District Court
                     District of Massachusetts
```

|  |  |
|---|---|
| Isaac Gichuru Kinuthia,           ) | |
|                                   ) | |
|       Plaintiff,                  ) | |
|                                   ) | |
|       v.                          ) | Civil Action No. |
|                                   ) | 21-11684-NMG |
| Joseph Robinette Biden, Jr.,      ) | |
|                                   ) | |
|       Defendant.                  ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises out of the quest for immigration relief of pro se plaintiff Isaac Gichuru Kinuthia ("Kinuthia" or "plaintiff"). Pending before the Court is plaintiff's motion labeled "Motion to Reconsider/Motion on the Merits/Motion for Summary Judgment/Motion for Summary Disposition/Motion for Entry of Final Judgment." For the reasons that follow, that motion will be denied and the Court will adopt an amended version of the summary judgment briefing schedule proposed by the government in its February 7, 2023 opposition brief.

I. **Background**

Kinuthia filed suit against President Biden, the United States Citizenship and Immigration Services ("USCIS") and the Attorney General of the United States ("the AG") (collectively,

"defendants") in October, 2021 seeking 1) an order mandating that defendants issue him a new Form I-766 Employment Authorization Document ("EAD") and 2) judicial review of USCIS's denial of his Form I-140 petition for classification as a non-citizen of "extraordinary ability."

In June, 2022, defendant moved to dismiss the first claim, arguing that USCIS had provided the requested EAD relief since the filing of the complaint.  Magistrate Judge M. Page Kelley issued a Report and Recommendation in which she recommended allowing defendant's motion to dismiss in part because the EAD claim was moot.

Kinuthia filed an objection in November, 2022 in which he also sought emergency declaratory and injunctive relief, again seeking issuance of an EAD.  According to the pleadings, USCIS issued plaintiff an EAD in late December, 2022 with a two-year validity period.  This Court accepted and adopted Magistrate Judge Kelley's Report and Recommendation in January, 2023, thus allowing defendant's motion to dismiss in part.  Plaintiff subsequently filed the pending motion.

II.  **Pending Motion**

Kinuthia moves the Court to "reconsider its acceptance and adoption of the Report and Recommendation" and requests a final judgment on his claim with respect to the Form I-140 petition.

1.  **Reconsideration**

While the Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration, Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008), such a motion generally should be allowed only if the movant demonstrates 1) an intervening change in the law, 2) the discovery of new evidence or 3) a manifest error of law, Lyons v. Fed. Nat'l Mortg. Ass'n, No. 18-10365-ADB, 2019 WL 1961072, at *2 (D. Mass. May 1, 2019).  Mere disagreement with a judicial decision is not an adequate ground for reconsideration. Ofori v. Ruby Tuesday, Inc., 205 F. App'x 851, 852-53 (1st Cir. 2006). Because Kinuthia offers no persuasive argument in favor of reconsideration, his motion will be denied.

2.  **Final Judgment**

As to the substance of the motion, plaintiff is not entitled to a final judgment on a claim that remains unresolved. Nystedt v. Nigro, 700 F.3d 25, 29 (1st Cir. 2012) ("When contemplating Rule 54(b) certification, a trial court first must ensure that the ruling underlying the proposed judgment is final.").  Defendant's motion to dismiss in part addressed only the EAD claim, not Kinuthia's claim for judicial review of USCIS's denial of his Form I-140 petition.  The Form I-140

petition claim remains viable and thus plaintiff is not entitled to entry of final judgment.

Moreover, despite the various labels affixed to plaintiff's pleadings, the Court does not treat any of them as a motion for summary judgment.  The government must first file the certified administrative record with the Court before the parties move for summary judgment as to USCIS's decision to deny the Form I-140 petition.

## ORDER

For the foregoing reasons,

1) plaintiff's "motion to reconsider/motion on the merits/motion for summary judgment/motion for summary disposition/motion for entry of final judgment" (Docket No. 56) is **DENIED** and

2) plaintiff's "final motion for summary judgment/disposition/final judgment" (Docket No. 59) is **DENIED**.

The Court hereby adopts the following schedule:

| | |
|---|---|
| April 14, 2023 | Defendant produces the Certified Administrative Record and files it with the Court |
| May 12, 2023 | Motions for summary judgment due from both parties |
| June 2, 2023 | Oppositions to motions for summary judgment due |

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 9, 2023