United States District Court
District of Massachusetts

|  |  |
|---|---|
| Isaac Gichuru Kinuthia, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 21-CV-11684-NMG |
| ) | |
| Joseph Robinette Biden, Jr., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Isaac Gichuru Kinuthia ("plaintiff" or "Kinuthia") challenges the denial of his I-140, Immigrant Petition for Alien Worker ("I-140 petition") by the United States Citizenship and Immigration Services ("USCIS") as in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(a). In response, defendant President Joseph R. Biden, Jr. ("defendant") moves for summary judgment on the grounds that the USCIS decision to deny plaintiff's I-140 petition was neither arbitrary nor capricious and therefore did not violate

the APA.¹  For the reasons set forth below, defendant's motion for summary judgment will be allowed.

I. **Background**

   A. **First I-140 Petition**

Plaintiff is a native and citizen of Kenya who was admitted to the United States on an F-1 academic student visa in 2002. He later became a hydraulic engineer in the field of civil engineering and worked for Wisconsin's Department of Transportation. In 2015, he filed his first I-140 petition for an EB-1 "extraordinary ability" visa ("EB-1 visa").  USCIS denied plaintiff's application.  Plaintiff sought judicial review of that denial but this Court and the First Circuit Court of Appeals subsequently affirmed the USCIS determination. See Kinuthia v. Rosenberg, 2018 WL 1243955 (D. Mass. Mar. 8, 2018), aff'd sub nom., Kinuthia v. Velarde, 2019 WL 11671989 (1st Cir. July 3, 2019).

   B. **Second I-140 Petition**

On June 2, 2020, plaintiff filed a second I-140 petition for an EB-1 visa, requesting classification as an alien of

---

[1] The president is not a proper defendant for the purposes of Kinuthia's APA claim. See Grell v. Trump, 330 F. Supp. 3d 311, 319 (D.D.C. 2018).  However, this Court recognizes that Kinuthia is proceeding pro se and that self-representing litigants are normally held to less rigorous pleading standards. See id. at 318.  This Court has also previously treated (and will continue to treat) the USCIS and the Attorney General of the United States as the real defendants in this case. See Docket No. 60.

extraordinary ability as a hydraulic engineer in the field of civil engineering based on his experience with the Minnesota Department of Transportation.

To be eligible for an EB-1 visa, an alien must demonstrate, among other things,

> extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim and whose achievements have been recognized in the field through extensive documentation.

8 U.S.C. § 1153(b)(1)(A)(i).

The Immigration and Naturalization Service has defined "extraordinary ability" to mean "a level of expertise indicating that the individual is one of that small percentage who have risen to the very top of the field of endeavor." 8 C.F.R. §204.5(h)(2).

There are two ways to meet the "extraordinary ability" threshold.  An alien may present evidence that he or she "sustained national or international acclaim" through a major "one-time achievement." 8 C.F.R. §204.5(h)(3).  "Nobel Prize is the quintessential example." Kazarian v. U.S. Citizenship & Immigr. Servs., 596 F.3d 1115, 1119 (9th Cir. 2010). Alternatively, an alien may present evidence that he or she meets at least three of ten criteria identified in 8 C.F.R. §204.5(h)(3).

In his 2020 application, plaintiff did not seek to establish eligibility for the EB-1 visa through evidence of a "one-time achievement." Instead, plaintiff sought to demonstrate that he satisfied the following three criteria:

> (iv) evidence of the alien's participation, either individually or on a panel, as a judge of the work of others in the same or an allied field of specification for which classification is sought;
>
> (viii) evidence that the alien has performed in a leading or critical role for organizations or establishments that have a distinguished reputation;
>
> (ix) evidence that the alien has commanded a high salary or other significantly high remuneration for services, in relation to others in the field;

8 C.F.R. §204.5(h)(3).

In support of his petition, plaintiff described his role at the Minnesota Department of Transportation in detail and filed several supporting documents. To satisfy 8 C.F.R. §204.5(h)(3)(ix) ("the ninth criterion"), which is the only criterion at issue here, plaintiff maintained that his annual salary of $81,640, or $39.25 per hour, was a high salary compared to others in his field.[2]

On June 9, 2021, USCIS issued a Request for Evidence ("RFE") that explained that while plaintiff had satisfied the

---

[2] In his motion for summary judgment, defendant informed the Court that he does not plan to defend the USCIS decision with respect to 8 C.F.R. §204.5(h)(3)(iv), the fourth criterion.

"leading or critical role" criterion under 8 C.F.R. §204.5(h)(3)(viii) ("the eighth criterion"), he needed to provide further documentation that he had experience "as a judge of the work of others" pursuant to 8 C.F.R. §204.5(h)(3)(iv) ("the fourth criterion") and that he commanded a "high salary . . . in relation to others in the field" pursuant to the ninth criterion.

With respect to the ninth criterion, USCIS, in its RFE, noted that plaintiff compared his salary as a "engineer senior" engaging in "hydraulic engineering design" to the salaries for positions such as "assistant professor, civil engineering," "traffic engineer," and "civil engineer II."  Plaintiff was requested to compare his salary to the salaries of those who held his same title and engaged in the same kind of work activity.  In addition, the RFE explained that plaintiff's petition did not compile data from a credible professional organization.  Finally, plaintiff's petition compared his salary to the median or average salary of others rather than the salaries of other top earners, as the criterion requires.

On July 12, 2021, plaintiff filed a response to the RFE. To satisfy the ninth criterion, he submitted supplemental materials that showed that his 2021 salary would be $88,920.  He further explained that his 2021 salary would be $94,255 if his

pension were included, or "over $100,000" if overtime were counted. Plaintiff also submitted salary data from salary.com and payscale.com to demonstrate that it was high compared to others in his field. The salary.com data shows that $71,560 is the median salary and $84,267 represents the 90th percentile for "hydraulic engineer jobs in Minnesota." The payscale.com data represents that the average base salary for a "engineer, hydraulic" is $67,784, while earners in the 90th percentile receive a salary of $98,000.

In October, 2021, USCIS denied plaintiff's petition. When reviewing plaintiff's submission on the ninth criterion, USCIS declined to take plaintiff's 2021 salary into account because those earnings accrued after the filing date of his petition. USCIS also refused to consider plaintiff's pension because it represented potential future earnings rather than salary. Because plaintiff's 2020 salary of $81,640 was below the 90th percentile salary identified by payscale.com or salary.com, it could not be considered a "high salary . . . in relation to others in the field," as required by the criterion. Consequently, plaintiff's petition did not satisfy the ninth criterion and therefore did not meet the three criteria necessary for an applicant to demonstrate eligibility for an EB-1 visa.

Plaintiff filed a complaint in this Court on October 15, 2022, challenging USCIS' denial of his visa application pursuant to the APA. Defendant filed a motion for summary judgment in May, 2023.

## II. Legal Standard

Summary judgment is typically warranted where the movant can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However,

> in cases involving review of agency action under the APA, the traditional Rule 56 standard does not apply due to the limited role of a court in reviewing the administrative record.

Bennett v. Murphy, 166 F. Supp. 3d 128, 139 (D. Mass. 2016) (citing Int'l Jr. Coll. of Bus. and Tech., Inc. v. Duncan, 802 F.3d 99, 106 (1st Cir. 2015)). Instead, when a district court reviews an agency's adjudication,

> judicial review, even at the summary judgment stage, is narrow because the APA standard affords great deference to agency decisionmaking and the [agency's] action is presumed valid.

Id. (internal quotation marks and citation omitted).

Accordingly, under the APA, a reviewing court may set aside an agency's determination only

> if it is arbitrary, capricious, an abuse of
> discretion, or otherwise not in accordance with the
> law, such as if it is unsupported by substantial
> evidence.

Atieh v. Riordan, 797 F.3d 135, 138 (1st Cir. 2015) (internal quotation marks and citation omitted). An agency action is arbitrary and capricious when the agency

> relied on improper factors, failed to consider
> pertinent aspects of the problem, offered a rationale
> contradicting the evidence before it, or reached a
> conclusion so implausible that it cannot be attributed
> to a difference of opinion or the application of
> agency expertise.

Bos. Redevelopment Auth. v. Nat'l Park Serv., 838 F.3d 42, 47 (1st Cir. 2016) (quoting Associated Fisheries v. Daley, 127 F.3d 104, 109 (1st Cir. 1997)).

This is a deferential standard. A court "may not substitute [its] judgment for that of the agency, even if [it] disagree[s] with its conclusions." Sig Sauer, Inc. v. Brandon, 826 F.3d 598, 601 (1st Cir. 2016) (quoting Craker v. DEA, 714 F.3d 17, 26 (1st Cir. 2013)).

### III. Application

The only issue this Court need resolve is whether USCIS' determination that plaintiff did not satisfy the "high salary" criterion, or the ninth criterion laid out in 8 C.F.R. §204.5(h)(3), was arbitrary or capricious. This Court concludes that it was not.

USCIS gave plaintiff two opportunities to submit documentation in support of his claim that his salary was high in relation to others in his field. USCIS then compared plaintiff's 2020 salary with the salary ranges plaintiff submitted from payscale.com and salary.com and determined that plaintiff's salary was not comparatively high because his salary was below the 90th percentile identified by both websites. USCIS reached a rational conclusion based on the facts before it. Bos. Redevelopment Auth., 838 F.3d at 47.

Kinuthia challenges USCIS on a few grounds. First, he questions its refusal to take his pension into account when calculating his salary. That argument is without merit. As USCIS correctly explained, a pension is not a part of an employee's current salary because it provides a periodic payment in retirement. The ninth criterion only permits consideration of "salary or other significantly high remuneration for services." 8 C.F.R. §204.5(h)(3)(ix).

Plaintiff also argues that USCIS should have taken his 2021 salary into account to ensure an apples-to-apples comparison with the online data he provided from salary.com and payscale.com. That ignores the fact that an applicant "must establish that he or she is eligible for the requested benefit at the time of filing the benefit request." 8 C.F.R.

§103.2(b)(1) (emphasis added).  Plaintiff, not USCIS, chose to submit 2021 market data.³  USCIS' decision to consider only plaintiff's 2020 salary was reasonable.

Finally, in his response to defendant's motion for summary judgment, Kinuthia declares that he actually "made $116,360.92 total with annual incentives" in 2020.  That amount encompasses $21,685 in "paid benefits", included in plaintiff's year-end paycheck stub for 2020.  This new salary is more than $30,000 higher than the 2020 salary identified in the I-140 petition plaintiff submitted to the USCIS.  When determining whether an action of an agency was arbitrary or capricious,

> the focal point . . . should be the administrative record already in existence, not some new record made initially in the reviewing court.

Camp v. Pitts, 411 U.S. 138, 142 (1973).  It would be improper for this Court to look beyond the administrative record in these circumstances. See City of Taunton v. EPA, 895 F.3d 120, 127-28 (1st Cir. 2018) (identifying limited exceptions where courts may supplement agency record).

After receiving two submissions of evidence and thoroughly reviewing the record before it, USCIS found plaintiff did not satisfy the ninth criterion.  This Court is constrained from

---

³ Plaintiff is free to refile a I-140 petition pursuant to 8 C.F.R. §204.5 with his 2021 salary information and the online market data he submitted.

substituting its judgment for that of USCIS. Sig Sauer, Inc., 826 F.3d at 601.  USCIS reached a reasonable decision based on the evidence before it and, in doing so, was well within its statutory discretion. See Marsh v. Oregon Nat. Res. Council, 490 U.S. 360, 378 (1989).  This Court will leave USCIS' decision undisturbed.

Because plaintiff did not satisfy the ninth criterion and, therefore, cannot demonstrate he satisfied three of the ten criteria identified in 8 C.F.R. §204.5(h)(3), this Court declines to consider whether the finding of USCIS with respect to the fourth criterion was arbitrary or capricious.

**ORDER**

For the reasons set forth above, defendant's motion for summary judgment (Docket No. 63) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated:  November 20, 2023